## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MESUE JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  10 CV 1986 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Northwestern University School of Law, | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR IMPROPER SERVICE

Defendant, Northwestern University, improperly sued as Northwestern University School of Law ("Northwestern"), moves pursuant to Fed. R. Civ. P. 12(b)(5) to dismiss the Complaint at Law ("Complaint") due to improper service of process.  In support of this Motion, Northwestern states as follows:

1.      The *pro se* Plaintiff filed the Complaint on March 30, 2010.  On the same date, she filed virtually identical Complaints against other six other Illinois law schools.  The complaints allege that, either independently or as part of a conspiracy, every Illinois law school to which she applied for admission discriminated against her based on various protected characteristics.

2.      Northwestern University School of Law is located at 375 E. Chicago Avenue in Chicago, Illinois.  Northwestern's authorized agent for service of process is its General Counsel, whose offices are located at 633 Clark Street in Evanston, Illinois.

3.      On June 28, 2010 at 11:33 a.m., the U.S. Marshal's Service served the Summons and Complaint addressed to Northwestern University School of Law on Tambra Black, an employee of the University of Chicago Law School located at 1111 East 60th Street, Chicago,

Illinois 60637.   The University of Chicago is a separate institution unaffiliated with Northwestern and is located many miles form Northwestern's Law School. (*See* Exhibit 1, a true and correct copy of the Summons and Complaint delivered to Tambra Black on June 28, 2010.)

4.      The return of service filed with the Clerk of the Court states that the Summons and Complaint was served on Tamra Black of the University of Chicago on June 28, 2010. (*See* Exhibit 2, a copy of Plaintiff's Return of Service for Northwestern[1], as filed with the Clerk of Court on June 30, 2010.)

5.      Federal Rule of Civil Procedure 12(b)(5) allows a party to bring a motion to dismiss for insufficient service of process.  Federal Rule of Civil Procedure 4(h)(1) governs the method of process, and allows service of process on a domestic corporation in a judicial district of the United States "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(h)(1).

6.      Federal Rule 4(e)(1) also states that service of process is proper if done "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1).  This action is pending in the Northern District of Illinois and the service of process attempt was made in Chicago, Illinois.  Illinois law states that "a private corporation may be served (1) by leaving a copy of the process with its registered agent or any other officers or agent of the corporation found anywhere in the State; or (2) in any other manner hereinafter permitted by law." 735 ILCS 5/2-204.

---

[1]      The Return of Service filed in the instant matter incorrectly identifies the University of Chicago as the defendant.

7.    Under Illinois law, the Plaintiff has the burden to establish that she has properly effected service. *See Salon Group, Inc. v. Salberg,* 156 F.Supp.2d 872, 878 (N.D.Ill. 2002). Additionally, the remedy for improper service is to dismiss the action. *See Bober v. Kovitz,* No. 03 C 9393, 2005 WL 2271861 at *6 (N.D.Ill. Sep. 14, 2005) (granting 12(b)(5) motion to dismiss because service of process upon person who was not an authorized agent of the company was improper); *Salon Group,* 156 F.Supp.2d at 879.

8.    Plaintiff attempted service of process on Northwestern by delivering a copy of summons and complaint to the University of Chicago.  Obviously, the University of Chicago is not an officer, employee, registered agent, general agent, managing agent, or any other type of agent for Northwestern.

9.    As of the filing of this motion, no agent of Northwestern has ever been served with the Summons and Complaint.

10.    Thus, Plaintiff cannot meet her burden to establish that service was proper on Northwestern, and therefore the Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(5).

WHEREFORE, Northwestern respectfully requests that this Court grant its Motion to Dismiss for Improper Service of Process.

Respectfully Submitted,

NORTHWESTERN UNIVERSITY

By:    _____ */s/ Jenny R. Goltz* ____
        One of Its Attorneys

Jacob M. Rubinstein
Jenny Goltz
Meckler Bulger Tilson Marick & Pearson
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900
Jake.rubinstein@mbtlaw.com


M:\14257\pleading\Motion to Dismiss.doc

# *EXHIBIT 1*

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
## Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Mesue Jackson
    Plaintiff

**CASE NUMBER**: 1:10-cv-01986

vs.            **JUDGE:** Robert M. Dow, Jr

Northwestern University School of Law
    Defendant

**TO:**   Northwestern University School of Law

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name     Mesue Jackson

Address  168 Heritage Lane

City:      Streamwood, IL 60107

an answer to the complaint which is herewith served upon you, within **[21]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Esperanza Arnold
Deputy Clerk

Dated: April 2, 2010

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[] Served personally upon the defendant.  Place where served:_____

_____

[] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

[] Returned unexecuted:_____

[] Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____

_____
               Date                 Signature of Server

_____
           Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

RECEIVED
MAR 30 2010
MAR 3 0 2010

MICHAEL W. DOBBINS
CLERK, U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MESUE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 10cv1986 |
| V. | ) JUDGE DOW JR. |
| | ) MAG. JUDGE MASON |
| Northwestern University School of Law, | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT

Now comes the Plaintiff Mesue Jackson, and hopefully an appointed attorney from the court

(name unknown), against the Defendant Northwestern University School of Law, and complains

as follows:

1. This action is for the following areas of discrimination listed below:

   a. Disability Discrimination:

   Americans with Disabilities Act, Section 203/Rehabilitation Act of 1973/Section 504 as
   amended 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. Part 104 Section
   104.44(a)/ Title II of the Americans with Disabilities Act of 1990 (Title II), 42 U.S.C. §12132,
   and its implementing regulation at 28 C.F.R. Part 35.

   b. Race discrimination:

   Title VI of the Civil Rights Act of 1964 and 42 U.S.C. 1981/Title 34 – Education/Appendix A to
   Part 100/Appendix B to Part 100/ § 100.1 Purpose, § 100.2 Application of this regulation, §
   100.3 Discrimination prohibited, § 100.4 Assurances required, § 100.5 Illustrative application.

   c. Sex discrimination:

   Title IX of the Education Amendments of 1972/ Subpart A § 106.1/ Subpart C
   § 106.15Admissions/Subpart C—Discrimination on the Basis of Sex in Admission and
   Recruitment Prohibited § 106.21 Admission/Subpart C --- § 106.22  Preference in admission.

   d. Age Discrimination:

**FILED**
**APRIL 1, 2010**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Running head: COMPLAINT                                                                          2

The Age Discrimination Act of 1975/US Code -76: Age discrimination in federally assisted programs, Section 6101 through Section 6107.

2. The plaintiff is Mesue Jackson of the county of Cook, in the state of Illinois.

3. The defendant is Northwestern University School of Law (Johann H. Lee), whose street address is 357 E. Chicago Ave., Chicago, Illinois 60611 (Defendant's telephone number) 312-503-3100.

4. The plaintiff sought admissions at the defendants (NWUSL) aforementioned address listed above.

5. The plaintiff was: (a) denied admissions to the JD law program by the defendant.

6. The defendant discriminated against the plaintiff for 3 years (3 attempts); however, the latest date the defendant discriminated against the plaintiff was on or about, January, 27th, 2008. The plaintiff's latest application for admissions was submitted in 2007 for the JD entering class of 2008.

7. The defendant is not a federal governmental agency, but is a recipient of Federal financial assistance and because NWUSL is a recipient of Federal financial assistance, OCR has jurisdiction over this complaint (a) the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the following government agencies: (ii) The United States Department of Education on or about May 12, 2008 (1st final decision from Dept of Education was on  Oct 08, 2008; 2nd decision from appeal was given on January 23, 2009, but request for appeal was submitted December 8, 2008; third appeal to Deputy Assistant Secretary/Office of Civil Rights/U.S. Dept of Education in Washington D.C. 20202, at address: 400 Maryland Ave, was received by them on March 24, 2009, and plaintiff has not received any correspondence back from the U.S. Dept of Education even up to this present date of January 4th, 2009). (b) If charges were filed with an agency indicated above, and a copy of the charge is attached, answer Yes or No: Answer is: Yes. Additionally, plaintiff does not believe that all the necessary steps of action surrounding the U.S. Dept. of Education's policy were followed in this case.

8. (a) the United States Department of Education has issued a Notice of Right to Sue, by filing a private suit pursuant to section 203 of the Americans with Disabilities Act, whether or not OCR finds a violation of Title II; in which was received by the plaintiff on October 08, 2008, a copy of which Notice is attached to this complaint. However, correspondence has not been received from the appeal letter, after OCR received proof that their original finding was wrong, in which OCR admitted the submission of new proof was cause to change their original ruling to favor plaintiff, but they knowingly

failed to overturn their original decision to favor the plaintiff. Therefore, a third appeal
was implemented to get the decision to be rightfully overturned to favor the plaintiff,
since OCR admitted that the proof submitted by plaintiff in an appeal letter warranted a
change in OCR's initial decision.

9. If the defendant is a state, county, municipal (city, town or village) or other local
governmental agency, plaintiff further alleges discrimination on the basis of race, color,
or national origin (42 U.S.C. 1983).

10. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII
claims by 28 U.S.C. 1331, 28 U.S.C. 1343(a) (3), and 42 U.S.C. 20000e-5(f)(3); for 42
U.S.C. 1981 and 1983 by 42 U.S.C. 1988; for the A.D.E.A. by 42 U.S.C. 12117; for the
Rehabilitation Act, 29 U.S.C. 791. (I'M NOT SURE WHAT THIS AREA IS ABOUT,
NOR IF CORRECT???????????)

11. The defendant led me to believe that I was discriminated because (a) they denied me
admissions three consecutive years (b) because they lied to OCR and told them they were
not aware of or knowledgeable that I was disabled as reason to justify why they applied
normal admissions standards even thou they were asked in an "additional statement" to
apply accommodations in the admissions process (c) because of their low % of disabled
students who are currently attending their law school (d) because of their low % of black
women currently attending their law school (e) because of their low % of black students
currently in their JD program (f) because at the open house I attended, there were only
two black students out of about two through three hundred students, and I was not
accepted even for diversity purposes despite the claims by NWUSL that their law school
accepts a diversified pool of candidates to their JD program (g) because they told the
investigators that I was denied entry because "my application was not considered
competitive." (h) because they told investigators that they denied me admissions because
I had a weak work history even thou I told them that I had a gap in my work history as a
result of being bedridden from the accident that disabled me, and because according to
the ABA it does not matter if you have a work history or not, because most students who
are admitted to law school do not have any work history (i) because they told
investigators that they denied me admissions because I had one incident on my legal
record that stated I was found not guilty of a crime where I was falsely accused, and
NWUSL decided to make me "guilty" even thou the court stated that I was "not guilty."
(j) because they refused to take my LSAT score and my GPA (4.0) into consideration
together like the ABA stated and denied me admissions only based on my low LSAT
score (k) because they failed to admit me under the "rolling basis program" or the
"scaling basis program" which allows the admissions committee to pick around 30
students who fall short of meeting their admissions criteria where these chosen students
are required to attend a summer law course, and if they do well, they are admitted to the

out of plaintiff's control. Therefore, the defendant intentionally refused to provide the requested accommodation in the specified areas aforementioned above, and applied normal admissions standards that failed to acknowledge or take into consideration areas of the admissions process that was out of the plaintiff's control; which, was wrongfully and intentionally used to deny the plaintiff admissions without regards to circumstances surrounding plaintiffs physical disability.

(d) Wrongfully, utilized bias admissions standards to deem the plaintiff as an "unqualified student" for admissions when plaintiff was indeed qualified.

(e) failed to follow the American Bar Association's (ABA) rules and regulations for law school personnel to follow when deciding admissions for prospective law students, which warns the admissions committee to not use the LSAT score solely for determining admissions because it can wrongfully deny a qualified student as being "unqualified." Also, the ABA mandates the admissions committee to use the prospective students GPA in combination with the LSAT score if the score is low. Whereas, the defendant refused due to biases about the plaintiffs undergraduate and graduate schools that the plaintiff graduated from even though these learning institutions were accredited by the same accrediting agency as the defendant.

(d) failed to admit the plaintiff under a program called the "scaling basis" or "rolling basis" where the admissions committee can pick around 30 students who fall short of meeting the law schools requirements for admissions, and they are offer an opportunity to attend a small summer law course, and if they do well they are guaranteed admissions. Whereas, the plaintiff requested this program in her last two applications as a last resort, to gain admissions at the defendant's law school, where the plaintiff's request was repeatedly denied due to biases that were not associated with the plaintiffs true credentials.

(e) Provided OCR with bias admissions standards that was used to deem the plaintiff as "unqualified for admissions" when in fact the plaintiff was qualified. The bias admission standards that the defendant provided to OCR went against the rules and regulations stipulated by the ABA regarding the areas the defendant knowingly and intentionally used to cover up their deceptive actions against the plaintiff surrounding admissions.

(f) Failed to properly inform the plaintiff how to inform the admissions committee about a request for accommodations in certain areas of the admissions process, as a result of extenuating circumstances surrounding an accident that left the plaintiff physically disabled. However, the plaintiff as well as other professionals who were activists or representatives for equality for disabled persons, that contacted the defendant on multiple occasions to help ensure plaintiff's request for accommodations were upheld, after plaintiff informed them that she was unable to get the defendants to provide an admissions accommodation surrounding her status as a disabled person. These professionals were from the Center of Independent Living and from the Department of Rehabilitation that spoke to the defendants on behalf of the plaintiff, and about the plaintiffs request for accommodations; in which, they respondent that the admissions personnel and disability department (defendant) were not very friendly or helpful in providing advice on how to ensure plaintiff's request for accommodations would not be overlooked, as a disabled student trying to gain admissions.

6

14. The defendant: (a) failed to provide admissions to plaintiff; (b) failed to take the plaintiff's disability in consideration, and denied being aware of or knowledgeable of the plaintiff's status as a physically disabled person (c) failed to take into consideration the plaintiff's " hardship" surrounding extenuating circumstances associated with an accident that left the plaintiff permanently physically disabled, that was stipulated in an additional statement to the admissions committee (d) failed to apply requested accommodations in the admissions process, and applied normal admissions standards in reviewing the plaintiff application (e) failed to take plaintiff's LSAT score in consideration with her GPA (4.0) in the admissions process

15. Defendant failed to reasonably accommodate the plaintiff's disability. And, they lied to OCR about not being made aware, but plaintiff submitted proof to OCR and they responded the defendant was aware of the plaintiff's disability and request for accommodations.

16. The facts supporting the plaintiff's claim of discrimination are as follows: Defendant deemed Plaintiff, a qualified student as being unqualified for admissions at Northwestern University School of Law due to bias admission standards that were not consistent with the admission standards that were stipulated by the American Bar Association, that were required for admissions committee personnel to follow when deciding admissions for prospective students to the JD program. Additionally, Defendant refused to provide admissions to Plaintiff, by failing to grant requested accommodations that asked the admissions committee or deciding personnel to wave or to take into consideration certain areas surrounding requirements for admissions, as a result of a special circumstance or hardship that was out of the Plaintiff's control, and would potentially cause the Plaintiff to fall short of meeting a couple areas regarding NWUSL's admissions requirements. Furthermore, Plaintiff filed a complaint with the U.S. Department of Education, and submitted an appeal surrounding the Department's original decision with proof to prove the Defendant did not tell the truth that they were aware of the Plaintiffs special circumstances or request for accommodations; in which, the Plaintiff submitted proof (documentation) that conflicted with what NWUSL's statement that they were not aware; in which, the Department of Education overturn the decision to favor the Plaintiff.

17. [Disability, Race, Sex, and Age Discrimination only] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

18. The plaintiff demands that the case be tried by a jury: Yes or No? Answer: Yes

19. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only these that apply]:

(a) Direct the defendant to admit the plaintiff to their JD law program with a full ride scholarship, at no cost to plaintiff;

Running head: COMPLAINT

(b) Direct defendant to reasonably accommodate the plaintiff's disabilities.

(c) If available, grant the plaintiff appropriate injunction relief, compensatory damages, punitive damages, attorney fees and expert witness fees.

(d) Direct the defendant to grant relief requested by the plaintiff, such as the following.

    1.  $500,000 for damages

    2.  Full ride scholarship to their JD law or cost of 3 year legal education

    3.  Pay off student loans (because defendant's actions set me up to default).

(e) Grant such other relief as the Court may find appropriate.

Running head: COMPLAINT                                                                 8

(Plaintiff's signature)

*Mesue Jackson*

(Plaintiff's name)
Mesue Jackson

(Plaintiff's street address)
168 Heritage Ln.
Streamwood, IL 60107

(Plaintiff's telephone number) 847-893-6565

Date:  January 1, 2010

# *EXHIBIT 2*

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Mesue Jackson | 10C1986 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| The University of Chicago The Law School | Summons and Complaint |

**SERVE** ➤

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

1111 East 60th Street

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** Chicago, IL 60637

**F I L E D**
6-30-2010
JUN 30 2010 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Mesue Jackson
168 Heritage Ln.
Streamwood, IL 60107

Number of process
served with this Form - 285

Number of parties
served in this case

Check for service
on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                          Fold

Ann Killian Perry (Assistant Dean for Admissions)
phone: 773-702-9484
Fax: 773-834-0942
www.law.uchicago.edu
Email: admissions@law.uchicago.edu

| Signature of Attorney or other Originator requesting service on behalf of: | ☑ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Mesue Jackson | | 847-893-6565 | 4/19/10 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 24 | District to Serve No. | Signature of Authorized USMS Deputy or Clerk  RHW | Date 4/26/1 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Tambra Black Secretary | |
| Address (complete only if different than shown above) | Date of Service 6:28   Time 11:30 ☐am ☐pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:  2 - DUSM's
2-hour's
18- Miles