UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mesue Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 CV 1986 |
| | ) | |
| v. | ) | The Honorable Judge Dow, Jr. |
| | ) | |
| Northwestern University | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY

Defendant, Northwestern University, ("Northwestern"), moves for leave to cite additional authority in support of its pending Motion to Dismiss. In support of this Motion, Northwestern states as follows:

1. Plaintiff Mesue Jackson filed a Complaint alleging that Northwestern discriminated against her on the basis of one or more of her protected characteristics by rejecting her application for admission to its law school. Northwestern has filed a Motion to Dismiss the Complaint for failure to state a claim. (Dkt. 18.) Plaintiff's response to Northwestern's Motion to Dismiss is due on November 4, 2010.

2. Plaintiff has also filed virtually identical complaints against six other law schools located in northern Illinois, all of whom denied her admission to law school. In each complaint, she alleges that the defendant law school denied her admission not because of her qualifications, which she admits are substandard, but because of protected characteristics.[1] The University of

---

[1] *Jackson v. DePaul College of Law* (Case No. 10 CV 1982); *Jackson v. Loyola University* (Case No. 10 CV 1985); *Jackson v. Chicago-Kent College of Law* (Case No. 10 CV 1988); *Jackson v. University of Chicago* (Case No. 10 CV 1991); *Jackson v. John Marshall Law School* (Case No. 10 CV 1992); and *Jackson v. Northern Illinois University* (Case No. 10 CV 1994).

Chicago ("U of C") and DePaul University ("DePaul"), both of which are among the schools Plaintiff has sued, filed Motions to Dismiss.

3. As discussed in Northwestern's Motion to Dismiss (Dkt. 18) and Memorandum of Law in Support (Dkt. 19), on September 7, 2010, the Honorable Judge Harry Leinenweber of the Northern District of Illinois granted U of C's Motion to Dismiss, dismissing Plaintiff's Complaint with prejudice.

4. Following Judge Leinenweber's September 7, 2010 ruling, DePaul moved to supplement its Motion to Dismiss. (Exhibit 1.) DePaul argued that because Plaintiff's allegations against DePaul were identical to her allegations against U of C, Judge Leinenweber's dismissal of the complaint against U of C required dismissal of the complaint against DePaul under the doctrine of collateral estoppel.

5. Judge Guzman granted DePaul's Motion to Supplement, and later dismissed Plaintiff's complaint with prejudice. (Exhibit 2.) In dismissing the complaint, Judge Guzman adopted DePaul's argument and ruled that the doctrine of defensive collateral estoppel foreclosed Plaintiff from litigating the issues raised in her Complaint because Judge Leinenweber already dismissed an identical Complaint filed against U of C. (*Id*.)

6. Judge Guzman's ruling adds additional, compelling authority in support of Northwestern's Motion to Dismiss. Indeed, the only difference between the Complaint against Northwestern and the Complaints that have been dismissed against U of C and DePaul is the name of the defendant and the dates on which Plaintiff allegedly applied for admission and was rejected.

WHEREFORE, Defendant Northwestern University respectfully requests that this Court grant it leave to cite additional authority in support of its Motion to Dismiss.

                Respectfully submitted,

                NORTHWESTERN UNIVERSITY

Dated:  October 27, 2010        By:    */s/ Jenny R. Goltz*
                                                       One of the attorneys for Defendant

Jacob Rubinstein
Jenny R. Goltz
Meckler Bulger Tilson Marick & Pearson LLP
123 North Wacker Drive, Suite. 1800
Chicago, Illinois  60606
(312) 474-7900 – Telephone
(312) 474-7898 – Facsimile

M:\14257\pleading\Motion for Leave to cite Additional Authority.doc