# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1986 | **DATE** | 12/15/2010 |
| **CASE TITLE** | Jackson vs. Northwestern University School of Law | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this order, Defendant's motion to dismiss [18] is granted and Plaintiff's complaint [1, 7] is dismissed. Plaintiff is given until 1/7/2011 to inform the Court in writing whether she seeks leave to file an amended complaint.

■[ For further details see text below.] Notices mailed by Judicial staff.

# STATEMENT

Plaintiff's complaint [1, 7] alleges that Defendant's refusal to admit her to its law school violated her rights under the Rehabilitation Act, the Americans with Disabilities Act, the Age Discrimination in Federally Assisted Programs Act and Titles VI and IX of the Civil Rights Act of 1964.

On October 6, 2010, Defendant filed a motion to dismiss [18] pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to this Court's order entered on October 7, 2010 [21], Plaintiff's response to Defendant's motion was due by November 4, 2010. Given that the deadline for a response passed more than a month ago and Plaintiff has not requested an extension of that deadline, the Court presumes that Plaintiff does not intend to file a response and therefore will proceed to a ruling on Defendant's motion.

## I.  Collateral Estoppel

In addition to the instant suit, Plaintiff has filed virtually identical complaints against six other law schools located in northern Illinois, all of whom denied her admission. (Def. Mot. To Supplement [22] at ¶ 2 and n.1) (citing *Jackson v. DePaul College of Law* (Case No. 10-CV-1982); *Jackson v. Loyola University* (Case No. 10-CV-1985); *Jackson v. Chicago-Kent College of Law* (Case No. 10-CV-1988); *Jackson v. University of Chicago* (Case No. 10-CV-1991); *Jackson v. John Marshall Law School* (Case No. 10-CV-1992); and *Jackson v. Northern Illinois University* (Case No. 10-CV-1994)). On November 9, 2010, Plaintiff voluntarily dismissed her suit against Chicago-Kent College of Law (See doc. nos. 31, 32 in Case No. 10-CV-1988). Plaintiff voluntarily dismissed her complaint against Northern Illinois University College of Law on December 7, 2010, after Judge Reinhard dismissed portions of that complaint with prejudice and others without prejudice (See doc. no. 33 in Case No. 10-CV-1994).

| STATEMENT |
|---|

The instant complaint filed against Northwestern is identical in all respects to the complaint filed against the University of Chicago except for the name of the defendant and the dates on which Plaintiff allegedly applied for admission and was rejected. (See Compl. [1], Compl., *Jackson v. Univ. of Chi.*, No. 10-CV-1991 (N.D. Ill. Mar. 30, 2010)). On September 17, 2010, Judge Leinenweber dismissed Plaintiff's suit against the University of Chicago because Plaintiff alleged no "basis for her belief that [her gender, age, disability or race] factored in to the decision to deny her admission" and affirmatively alleged that defendant applied "normal admission standards" to her application and denied her admission because she had a low LSAT and a gap in her work history. (See Transcript of Proceedings in 10-CV-1991, at doc. no. [22]).

In light of Judge Leinenweber's order, on October 22, 2010, Judge Guzman dismissed Plaintiff's complaint against the DePaul College of Law on the grounds that defensive collateral estoppel barred her claims. (See doc. no. 38 in 10-CV-1982). Plaintiff's suit against Northwestern is subject to dismissal for the same reasons.

The doctrine of defensive collateral estoppel "forecloses a plaintiff from asserting a claim that [she] previously litigated and lost against another defendant." *Wolverine Mut. Ins. v. Vance ex rel Tinsely*, 325 F.3d 939, 943 n.3 (7th Cir. 2003). The doctrine applies if: "(1) the issue sought to be precluded [is] the same as that involved in the prior litigation, (2) the issue [was] actually litigated, (3) the determination of the issue [was] essential to the final judgment, and (4) the party against whom estoppel is invoked [was] fully represented in the prior action. *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) (quotations omitted).

Plaintiff's allegations against Northwestern are identical to those she asserted against the University of Chicago. Because Judge Leinenweber determined on the merits that Plaintiff's rights had not been violated by the very conduct she alleges in this case, she is precluded from re-litigating those issues here.

## II.     Merits of the Claims

Moreover, even if Plaintiff's complaint were not barred by collateral estoppel, consideration of the allegations of Plaintiff's complaint on their merits also shows that Plaintiff's complaint is subject to dismissal.

The Court understands from Plaintiff's complaint and briefs that for three consecutive years Plaintiff applied to and was not admitted to Northwestern University School of Law. Plaintiff alleges that she is a black woman who was injured in some type of accident, although she never identifies her disability in the complaint. Plaintiff claims that she was denied admission because of Defendant's failure to accommodate her disability and Defendant's discrimination based on Plaintiff's race and sex. Plaintiff also alleges that Northwestern "applied normal admissions standards" to her application and failed to consider her disability when initially denying her application.

First, Plaintiff's claims under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) and Section 504 of the Rehabilitation Act (29 U.S.C. 794) are deficient because neither the ADA nor the Rehabilitation Act requires a law school to alter its acceptance standards as an accommodation for a disabled person. *Yates v. John Marshall Law School*, 2009 WL 1309516, *6 (N.D. Ill. May 11, 2009) (citing *Southeastern Community College v. Davis*, 442 U.S. 397, 413 (1979). Plaintiff alleges that she was denied admission "because my application was not considered competitive," because of a "weak work history" and "only based on my low LSAT score." (Compl. ¶ 11). Defendant was not obligated to admit plaintiff despite her admittedly inferior qualifications (including a low LSAT score) even if she were disabled under the ADA and Rehabilitation Act.

## STATEMENT

Plaintiff complains that Defendant failed to admit her under programs which Defendant established to admit students who fall short of meeting the admissions standards. However, Plaintiff does not allege any basis that would plausibly show disability discrimination as the reason that she was not admitted under those programs. Plaintiff does no more than plead the existence of the programs and says nothing about why an inference of discrimination arises from that fact that others were admitted to the programs.

Plaintiff also fails to adequately allege that she is disabled. She does not plead what her disability is or how it substantially limits one or more major life activities. She simply makes the conclusory statement that it does. She has not alleged that her disability "negatively affect[s] her capacity to learn, to work, to sleep, care for herself or engage in physical activities, such as walking." *Yates*, 2009 WL 1309516 at *5. Even a *pro se* Plaintiff must do more than assert a conclusory allegation of disability to survive a motion to dismiss.

Plaintiff's race and sex discrimination claims rest on her allegations that she is a black woman and that Defendant has a low percentage of black women and black students in its JD program. Because Title VI and Title IX only prohibit intentional discrimination, plaintiff's allegations must support an inference of intentional discrimination to allow for a monetary recovery. See *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (Title VI); *Smith v. Metropolitan School Dist. Perry Tp*., 128 F.3d 1014, 1028 (7th Cir. 1997) (Title IX). The types of conclusory allegations made by Plaintiff do not support such an inference. See, *e.g. O'Donnell v. University of Chicago*, 2001 WL 1593141 (N.D. Ill. Dec. 13, 2001) (dismissing complaint under Title VI and Title IX for failure to allege facts tying the refusal to admit to plaintiff's race or sex); *Deberry v. Davis*, 2010 WL 1610430 (M.D.N.C. April 19, 2010) (same).

Similarly, Plaintiff's complaint does not contain any allegations that support her allegation that she was denied admission on the basis of her age. In fact, Plaintiff's complaint never identifies her age. Plaintiff pleads only that "defendant led me to believe that I was discriminated because * * * (k) *potentially* my age." (Compl. ¶ 11) (emphasis added). The complaint is deficient of any statements that give the required plausibility to her claim, for example, statements by the admissions staff that suggest she was denied because of her age, or evidence that a younger applicant with qualifications similar to Plaintiff was admitted.

For the foregoing reasons, Defendant's motion to dismiss [18] is granted and Plaintiff's complaint is dismissed. Plaintiff is given until 1/7/2011 to inform the Court in writing whether she seeks leave to file an amended complaint. **[FN1]**

**[FN1]** In its minute order of April 1, 2010 [6], the Court granted Plaintiff's application for leave to proceed *in forma pauperis* but denied her motion for appointment of counsel without prejudice. Although a judge has "no *obligation* to reconsider" a denial of a motion for appointment of counsel in light of developments in the case which follow the initial denial of the 28 U.S.C.A. § 1915(e)(1) motion, the judge "has discretion to do so." *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (emphasis in original). Upon review of all the materials filed in this case and in the other cases that Plaintiff has brought against area law schools, the Court remains of the view that appointed counsel was (and is) not warranted. In that regard, the Court observes that Judge Der-Yeghiayan appointed experienced counsel (a litigation partner at Jenner & Block LLP) to represent Plaintiff in her action against Chicago-Kent College of Law [doc. no. 15 in 10-cv-9188]. After assembling a team of lawyers, speaking with Plaintiff in person and over the phone, and investigating Plaintiff's claims, counsel filed a motion to withdraw on the ground that "Ms. Jackson's legal claims

| STATEMENT |
|---|
| against Chicago-Kent College of Law are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law" [doc. no. 21 in 10-cv-1988]. There is no reason to believe that a second appointed counsel would have reached any other evaluation given that the allegations of the complaint in this case mirror those asserted in the lawsuit against Chicago-Kent. |
| |